# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL A. DOTSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRENTON PSYCHIATRIC HOSPITAL'S STAFF, et al., <br><br> Defendants. | Civil Action No. 16-5233 (BRM-TJB) <br><br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Amended Complaint of Plaintiff Jamal A. Dotson[1] ("Plaintiff") raising claims pursuant to 42 U.S.C. § 1983 against numerous staff members at the Trenton Psychiatric Hospital and the Ann Klein Forensic Center ("Ann Klein"). (ECF No. 19.) Plaintiff was previously granted *in forma pauperis* (*see* ECF No. 6) and, therefore, the Court is required to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, the following claims shall **PROCEED**:

---

[1] While the original complaint in this matter was signed by numerous proposed plaintiffs, only Plaintiff Dotson sought and received *in forma pauperis* status. The other proposed plaintiffs have neither paid any filing fee, nor sought to proceed without the prepayment of such fees in this Court. This Court will therefore administratively terminate the claims of all other plaintiffs until such time as they pay the appropriate filing fees or seek *in forma pauperis* status. (*See* Clerk's Ltr. (ECF No. 2) and Order (ECF No. 6) at 1 n.1.) Because Plaintiff Dotson filed an Amended Complaint which effectively replaces the original pleading, *see Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n.2 (1982) ("[O]nce accepted, an amended complaint replaces the original . . . ."), this Court considers only Plaintiff Dotson's claims contained in the Amended Complaint.

(1) excessive force claims as to the unnamed Liberian defendants ("Liberian Defendants"); (2) claims related to sexual assault as to defendants MSO Kelsey ("Kelsey") and Christina Joesy ("Joesy"); and (3) First Amendment retaliation claims against MSO Jenkins ("Jenkins"), Kelsey, and MSO Forchion ("Forchion"). Plaintiff's HIPAA violation claims are **DISMISSED WITH PREJUDICE**, and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

I. BACKGROUND[2]

At the time he filed his original complaint, Plaintiff was civilly committed in Trenton Psychiatric Hospital and its sister facility, Ann Klein.[3] (ECF No. 19 at 3.) Plaintiff contends he was subjected to various forms of abuse and harassment between January and December 2016. (*Id.*) It is unclear from the Amended Complaint if and how the following allegations of abuse and harassment are related.

Plaintiff alleges the Liberian Defendants, comprised of Liberian hospital staff members possibly belonging to the same family, threatened Plaintiff and engaged him in a verbal argument on January 9, 2016. (*Id.*) Plaintiff states four of the Liberian Defendants used this argument as an excuse to "jump" him, and Plaintiff was consequently beaten, restrained, tortured, and forced to take medicine "for no reason." (*Id.*) Two other staff members, defendants Day ("Day") and Owens

---

[2] The following factual allegations are taken from the Amended Complaint (ECF No. 19), and are assumed to be true for the purposes of this Opinion. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[3] Although the two hospitals are apparently separate state run facilities which are relatively close in proximity to one another, Plaintiff contends the two are "on the same complex" and that he has been moved through both. (ECF No. 19 at 3.) Because he conflates the two facilities, the Amended Complaint is often unclear as to where certain events took place.

2

("Owens")[4] denied him medical treatment, although it is unclear if this medical treatment was sought as a result of the Liberian Defendants' actions. (*Id.*)

Plaintiff further alleges Day and Owens threatened him, stating they were part of "The Blood Gang" and were paying other patients to fight him. (*Id.*) Plaintiff alleges Day and Owen violated his "HIIPA" rights – presumably referring to the Health Insurance Portability and Accountability Act ("HIPAA") – by discussing his medical conditions. (*Id.*) The Amended Complaint does not allege with whom, if anyone, Day and Owen discussed his medical conditions.

Plaintiff next alleges "the doctor of [the] unit wouldn't allow [him] go to the hospital." (*Id.*) Again, it is unclear whether Plaintiff sought medical attention and if it was related to the alleged attacks by the Liberian Defendants. Once permitted to go to the hospital, his "character" was allegedly "defam[ed]" because he was transported in a "paddy wagon" wearing handcuffs and a jacket identifying him as an "inmate" despite not being a prisoner. (*Id.*) He does not specify which defendant caused the alleged defamation.

Plaintiff alleges he endured sexual abuse while committed. Specifically, Plaintiff states one of his counselors, Joesy, read about his sexual history and behaviors and pursued a sexual relationship with him. (*Id.* at 4.) This resulted in an ongoing sexual relationship in which Joesy used her authority over Plaintiff "for her own sexual desires." (*Id.*) Plaintiff contends Joesy gave him a venereal disease and abused him psychologically. (*Id.* at 4, 12.)

Next, Plaintiff contends several unnamed members of the hospital staff conspired to have him transferred to Ann Klein. (*Id.* at 4.) These staff members attacked Plaintiff without reason, restrained him forcefully resulting in neck and back pain, and "drugged [him] with medicine [to

---

[4] It is not clear from the Amended Complaint whether Day and Owens are part of the Liberian Defendants.

3

which he is] allergic." (*Id.*) Plaintiff alleges Day and Owens continued to taunt and threaten him while he was restrained, but does not allege they were involved in the attacks or drugging. (*Id.*)

Plaintiff alleges to have been harassed and sexually abused by several staff members at Ann Klein. Specifically, Plaintiff alleges: (1) he was frequently harassed and threatened by staff member defendant Jenkins, who is allegedly "friends with some guy [Plaintiff] assaulted when [he] was . . . 17 year[s] old" (*id.*); (2) staff member defendant Kelsey made sexual advances toward Plaintiff, watched him shower, and sexually assaulted him while pretending to break up a fight (*id.*); (3) unnamed officers "teamed up against [him]" after he reported the behavior of Kelsey and Jenkins and "falsely wr[ote] [Plaintiff] up" (*id.* at 4); (4) defendant officer Forchion threatened and insulted Plaintiff and told Plaintiff he had doctored and spit in Plaintiff's food (*id.* at 4-5); and (5) Kelsey, Jenkins, and Forchion allegedly shared photos of him through their cell phones, violating his HIPAA rights (*id.* at 5). Plaintiff further alleges the hospital staff lost some of his personal property. (*Id.* at 12.)

In addition to the Liberian Defendants and the named defendants discussed above, Plaintiff names numerous other individuals as defendants, including Ms. Chenway, director of the Drake Building in the hospital complex; two supervisors named Kent and Archie; two nurses named Bennett and Judy; a woman referred to as "Ya-Ya;" Officer Rush; and other staff members named Kumey, Tony, Ty, Anbunga, Daisy, Frost, Williams, Aguirre, Monukay, Davis, Jones, and Rodgers. (*Id.* at 8.) Assuming these defendants are neither one of the unnamed Liberian Defendants nor any of the other unnamed "John Does" who allegedly accosted Plaintiff, Plaintiff did not plead any facts pertaining to these defendants. (*Id.*)

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has previously been granted *in forma pauperis* status.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a

5

factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added).

### III. DECISION

Plaintiff brings claims against defendants for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (stating that § 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the

exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Here, the Court construes the Amended Complaint as raising the following claims: (1) violation of Plaintiff's Fourteenth Amendment rights by Kelsey and Joesy based on claims of sexual abuse; (2) violation of Plaintiff's Fourteenth Amendment rights by the Liberian Defendants based on claims of excessive force; (3) excessive force claims against unnamed employees; (4) violation of Plaintiff's Fourteenth Amendment rights by Owens, Day, and an unnamed doctor based on deliberate indifference to Plaintiff's medical needs; (5) violation of Plaintiff's Fourteenth Amendment rights by the hospital based on deprivation of property; (6) claims based on verbal threats and harassment asserted against the Liberian Defendants, Day, Owens, Jenkins, Kelsey, and Forchion; (7) violation of Plaintiff's First Amendment rights by Jenkins, Kelsey, and Forchion based on their retaliation against Plaintiff; (7) violation of Plaintiff's HIPAA rights; and (8) a state law defamation claim asserted against unspecified defendants.

## A.     Sexual Abuse, Retaliation, Excessive Force, and Verbal Threats and Harassment Claims

This Court is directed to dismiss, *sua sponte*, any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Based on a review of the Amended Complaint, the following claims may proceed as they do not support a basis for dismissal under 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A at this time: (1) violation of Plaintiff's Fourteenth Amendment rights by the Liberian Defendants based on claims of excessive

force[5]; (2) violation of Plaintiff's First Amendment rights by Jenkins, Kelsey, and Forchion based on their retaliation against Plaintiff[6]; and (3) violation of Plaintiff's Fourteenth Amendment rights by Kelsey and Joesy based on claims of sexual abuse.

However, Plaintiff's remaining claims against unspecified defendants for excessive force in which Plaintiff alleges he was attacked, forced to take medicine, and restrained during the alleged conspiracy at Ann Klein (*see* ECF No. 19 at 4) are dismissed. Plaintiff provides little information regarding these attacks and does not provide any identifying information about who conducted these attacks, when they were conducted, or under what circumstances they occurred. Therefore, Plaintiff has not pled a plausible cause of action against any named defendant, and Plaintiff's excessive force claims related to the aforementioned incidents are dismissed without prejudice. *See Iqbal*, 556 U.S. at 678-79.

Likewise, Plaintiff's claims based on verbal threats and harassment asserted against the Liberian Defendants, Day, Owens, Jenkins, Kelsey, and Forchion (*see* ECF No. 19 at 3-5) are dismissed. While such threats and verbal harassment may be deplorable, verbal threats and harassment alone are insufficient to state a claim for relief under § 1983. *Stepney v. Gilliard*, Civ. No. 02-5259 (GEB), 2005 WL 3338370, at *6 (D.N.J. Dec. 8, 2005) ("[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and

---

[5] The Court acknowledges Plaintiff does not clarify which of the numerous defendants comprise the Liberian Defendants. However, Plaintiff pleads sufficient facts to state a claim for excessive force and therefore, the Court includes the John Doe defendants with the Liberian Defendants and construes this claim as one against the John Doe defendants until Plaintiff clearly identifies his alleged attackers from the January 9, 2016 incident.

[6] This does not include retaliation claims related to the allegedly falsely filed disciplinary reports, which are discussed and dismissed below.

therefore is not actionable under [Section] 1983." (quoting *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y.1998)). Having provided no other allegations to support this cause of action, Plaintiff's claims based on verbal harassment and threats are dismissed without prejudice.

Next, Plaintiff alleges unnamed officers "falsely wr[ote] [him] up" in retaliation for reporting Kelsey and Jenkin's behavior. (ECF No. 19 at 4.) Plaintiff does not allege he was deprived any process due to him as a result of those reports. While false disciplinary reports may form part of the basis for Plaintiff's retaliation claim, the filing of false reports in and of itself is not a separately actionable claim. The law is clear that "the act of filing false disciplinary charges does not itself violate a [plaintiff's] constitutional rights." *Poole v. Mercer Cty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010) ("The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges."); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Accordingly, Plaintiff's claim that he was falsely reported, while relevant to his retaliation claims, does not in and of itself provide Plaintiff an avenue for relief. To the extent Plaintiff sought to raise a claim based solely on the allegedly false reports separate and apart from his retaliation claims, that claim is dismissed without prejudice.

**B.     Deliberate Indifference to Medical Needs Claims**

Plaintiff also seeks to raise a claim against an unnamed doctor as well as Day and Owens based on an alleged deliberate indifference to his medical needs. Specifically, Plaintiff contends he was not immediately provided with medical attention or transported to the hospital after he was beaten and restrained. (ECF No. 19 at 3.) Plaintiff provides no time frame, nor any summary of the extent, severity, or nature of his injuries in reference to these allegations. Indeed, Plaintiff does

not specify whether he requested any medical attention, nor does he specify whether medical attention was required as a result of his interactions with defendants.

To make out a claim for deliberate indifference to medical needs under the Fourteenth Amendment, a plaintiff must plead facts showing: "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Navolio v. Lawence Cty.*, 406 F. App'x 619, 622 (3d Cir. 2011) (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)). A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). "Deliberate indifference," in this context, means that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582; *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff alleges Day, Owens, and an unnamed doctor did not immediately treat him or take him to a hospital. (ECF No. 19 at 3.) However, Plaintiff provides no context for his allegations, does not allege he was seen previously by a doctor for any alleged medical need, and does not plead an obvious injury. *See Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 347. Accordingly, Plaintiff has failed to allege facts sufficient to show either deliberate indifference or a sufficiently serious medical need. *See Natale*, 318 F.3d at 582. Plaintiff's deliberate indifference claims fail to state a claim for relief and are dismissed without prejudice.

## C. Deprivation of Property Claim

Plaintiff alleges unnamed members of the hospital staff lost his possessions, which the Court construes as a claim for deprivation of property under the Fourteenth Amendment. To assert a Fourteenth Amendment deprivation of property claim,

> a plaintiff must assert that he possessed a property interest, that he was deprived of that interest by a state actor, and that he was not provided notice and an opportunity to be heard in relation to the taking of his property interest. *See Rusnak v. Williams*, 44 F. App'x 555, 558 (3d Cir. 2002). "Where a state actor deprives an individual of property without authorization, [however,] either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981); *overruled in part on other grounds*, *Daniels v. Williams*, [474 U.S. 327] (1986). [sic]" *Love v. New Jersey Dep't of Corr.*, Civil Action No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015); *see also Miller v. Fraley*, No. 12-4470, 2015 WL 511296, at *11 (D.N.J. Feb. 6, 2015). The State of New Jersey has provided a proper post-deprivation remedy to plaintiffs for the unauthorized deprivation of their property through the New Jersey Tort Claims Act. *See N.J. Stat. Ann.* § 59:1-1, *et seq.*; *Love*, 2015 WL 2226015 at *5; *Miller*, 2015 WL 511296 at *11. Thus, Plaintiff's claims would only state a cognizable § 1983 claim to the extent that he claims that he was deprived of his property pursuant to an authorized state procedure, and not as a result of the unlawful or unauthorized actions of various prison personnel. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982).

*Love v. New Jersey Dep't of Corr.*, No. 15-4404, 2016 WL 2757738, at *8 (D.N.J. May 12, 2016) (alterations in original).

In this matter, Plaintiff alleges the hospital staff improperly and without state authorization lost or stole his property. Plaintiff does not allege he pursued the available post-deprivation remedies which are available to him under the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1-1, *et seq. See Love*, No. 15-4404, 2016 WL 2757738, at *8. Because "a meaningful post deprivation remedy for the loss is available" under the NJTCA and because Plaintiff does not allege he was "deprived of his property pursuant to an authorized state procedure," Plaintiff fails to state a cause of action under the Fourteenth Amendment. *See Love*, No. 15-4404, 2016 WL 2757738, at *8. Accordingly, Plaintiff's deprivation of property claim is dismissed without prejudice.

11

**D.     HIPAA Claims**

Plaintiff alleges Day and Owens violated his rights under the HIPAA when they discussed his medical information and shared pictures of him. (ECF No. 19 at 3.) It is well established that the ability to bring an enforcement action under the HIPAA is vested solely in the hands of the Government. *See, e.g., Welch v. Cape May Cty. Corr. Ctr.*, No. 15-8745, 2016 WL 686255, at *2 (D.N.J. Feb. 19, 2016). HIPAA, therefore, does not provide a private cause of action for aggrieved patients such as Plaintiff. *Id.* Accordingly, Plaintiff's HIPAA claims are dismissed with prejudice.

**E.     Defamation Claim**

Plaintiff alleges that he was defamed when he was transported to the hospital under conditions suggesting he was a prisoner. (ECF No. 19 at 3.) Defamation claims, however, do not arise under § 1983, but instead originates in state law. *See, e.g., McDowell v. Paiewonsky*, 769 F.2d 942, 945 (3d Cir. 1985) ("This Court has repeatedly noted that although a defamation suit has profound First Amendment implications, it is fundamentally a state cause of action."); *Nanavati v. Burdette Tomlin Mem. Hosp.*, 857 F.2d 96, 104-06 (3d Cir. 1988); *see also Watson v. Sec'y Pa. Dep't of Corr.*, 436 F. App'x 131, 134 (3d Cir. 2011) (finding that defamation can only violate due process, and therefore be actionable under § 1983, where the defamation "accompanies the alteration or extinguishment of a right or status previously recognized by state law"). To make out a defamation claim under New Jersey state law, a plaintiff must plead facts showing: (1) a defendant made a false and defamatory statement concerning the plaintiff, (2) this statement was communicated to a third party, and (3) the defendant communicated the statement with a sufficient degree of fault. *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011).

Plaintiff bases his claim solely on the fact that he, a civil committee, was transferred to a medical hospital in handcuffs in a prisoner transport vehicle, while wearing clothing identifying

him as a prisoner. Essentially, Plaintiff asserts it is defamatory for a civilly committed mental patient, who is being held in a secure facility, to be identified as a prisoner, presumably because it implies criminality. Plaintiff's allegations, however, do not make out a defamation claim. Plaintiff fails to identify who ordered the secure transportation and use of the prisoner vest and therefore fails to identify who was making the alleged defamatory statement. Plaintiff likewise fails to plead intent to convey a defamatory statement or any facts suggesting a defamatory purpose. As such, Plaintiff fails to plead a defamatory statement was made, or that any defendant made such a statement with a sufficient degree of culpability. Accordingly, Plaintiff fails to state a claim for relief and his defamation claim is dismissed without prejudice.

### F. The Remaining Defendants

As recounted above, *see* page 4 *supra*, Plaintiff names numerous defendants, some of whom may be included in the Liberian Defendants, but none of whom Plaintiff directly connects to his allegations. As to these remaining defendants, Plaintiff fails to state a claim for relief because he does not plead facts which, if true, would plausibly imply these defendants are liable for violations of his rights. *Iqbal*, 556 U.S. at 678-79. Indeed, the only facts Plaintiff explicitly pleads about the remaining defendants are that they worked at either the Trenton Psychiatric Hospital or Ann Klein. That allegation, alone, is insufficient to state a claim for relief. Because Plaintiff does not attribute any of Plaintiff's claims to these defendants, they are dismissed without prejudice.

### IV. CONCLUSION

For the reasons stated above, the following claims shall **PROCEED** at this time: (1) excessive force claims as to the Liberian Defendants; (2) claims related to sexual assault as to defendants Kelsey and Joesy; and (3) First Amendment retaliation claims against Jenkins, Kelsey, and Forchion. Plaintiff's HIPAA violation claims are **DISMISSED WITH PREJUDICE**, and

13

Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. An appropriate order will follow.

**Date:   May 16, 2017**                               */s/ Brian R. Martinotti*
                                                      **HON. BRIAN R. MARTINOTTI**
                                                      **UNITED STATES DISTRICT JUDGE**